AYRES, Judge.
This is an expropriation proceeding wherein plaintiff, a public utility engaged in the business, among others, of transporting by pipeline and supplying the public with natural gas, sought and was granted a servitude in the nature of a right of way for a 12-inch pipeline across defendants’ estate, comprising approximately 1,200 acres. The right of way, 50 feet wide and 8,805 in length, comprises an area of 10.11 acres.
The amount of just compensation, which was the sole issue before the trial court, is the only question presented to this court by defendants’ appeal from the judgment which awarded them a total of $5,361.54, consisting of $2,779.25 for the servitude expropriated and $2,582.29, the stipulated value of the timber on the right of way. Defendants contend that the award for the servitude itself, which was based on an evaluation of $275.00 per acre for the land taken, represents only a fraction of its true value which they assert to be $1,000.00 per acre. Severance damages to the remainder of defendants’ property are also sought in an amount of 50% of the aggregate of the aforesaid claim.
Certain basic fundamentals must be taken into consideration in determining the amount of just and adequate com *325 pensation to be paid for the property rights taken through expropriation. Among these is the right of the property owner to receive a full and perfect equivalent of the property taken. Housing Authority of Shreveport v. Green, 200 La. 463, 8 So.2d 295, 298 (1942). Another of these principles is that the landowner is entitled to recover the value of his property based upon the highest and best use to which the property may be put. Cypress-Black Bayou Rec. & W. Con. Dist. v. Conger, 234 So.2d 212 (La.App., 2d Cir. 1970).
In the first of the afore-cited cases, the Supreme Court pointed out:
“ . . . The compensation to^ which the owner is entitled is the full and perfect equivalent of the property taken— in other words, the loss caused to him by the taking. ‘This means substantially that the owner shall be put in as good position pecuniarily as he would have been in if his property had not been taken’. 18 Am.Jur., § 240, p. 874. This is the rule established long ago and consistently adhered to by the Supreme Court of the United States.”
This action was instituted under the provisions of the general expropriation statute, LSA-R.S. 19:1 et seq. By agreement between the parties, plaintiff was given access to the property on July 31, 1969, stipulated as the date of the taking. Therefore, the value of the property on that date is the basis for determining the compensation to which defendants are entitled.
Plaintiff contends that the highest and best use to which the property may be put is the growing of timber, the use to which it was being put at the time of the taking. The defendants contend, however, that the highest and best use to which the property may be put is for residential subdivision and industrial purposes. The issue, then, is: What was the highest and best use of the property on the date of the taking? Cypress-Black Bayou Rec. & W. Con. Dist. v. Conger, supra, and the authorities therein cited. In resolving this question, we had occasion to point out in the Cypress-Black Bayou Rec. & W. Con. Dist. v. Conger case that the highest-and-best-use test applies even though the landowner, at the time of expropriation, may have no plan to sell the property or to put the property to that particular use. State, Department of Highways v. Jenkins, 207 So.2d 380, 388 (La.App., 3d Cir. 1968).
Defendants’ land is located in Bossier Parish east of Bossier City, about 4% miles directly and five miles by roadway from the city’s corporate limits, and 1% miles north of U. S. Highway 80. It is crossed diagonally by the Bellevue road, a blacktop road running northeasterly from Highway 80. On the south, it is partially bounded by the Adner road, a gravel road which runs east about 1J4 miles from the Bellevue road where it dead-ends. The Louisiana & Arkansas railroad parallels the Adner road, leaving a small triangular part of the property lying south of the road and the railroad. Farther north a blacktop road runs east from the Bellevue road and bounds a portion of the property for a distance of ¿4 of a mile.
No zoning restrictions are shown to exist for the subject property. This is typical rural North Louisiana pine timberland consisting mainly of fairly flat and well-elevated acreage with some low and swampy hardwood areas.
Testifying for the plaintiff were Walter L. Hunter and Frank W. Grigsby and, for the defendants, O. L. Jordan, all realtors and appraisers, residents of Shreveport.
Hunter and Grigsby appraised the property at $250.00 and $275.00, respectively, per acre, based upon growing timber, as the highest and best use to which the property might be put. They would, however, deduct 25% from the aforesaid sums representing the value of the property remaining for the use of the landowners after the taking. This deduction was, however, disallowed by the court for the reason that timber grow *326 ing or any operations other than, possibly, cattle grazing could not be undertaken on the pipeline right of way.
Jordan was of the opinion that the highest and best use of the property was for residential and industrial purposes. The property was readily accessible via roadways and a railroad. Development along and on both sides of Highway 80 was emphasized by Jordan as were several subdivisions in the vicinity. He placed a value of $1,000.00 per acre on the property taken, plus 50% of the aggregate, as we understand it, for severance damages to the remainder of defendants’ property.
Considering the proximity of this property to Bossier City and the general development of nearby areas adjacent to U. S. Highway 80, as well as the successfully developed subdivisions in the vicinity, we are convinced that the highest and best use of the property is for residential subdivision purposes, notwithstanding, as heretofore pointed out, that the landowners, at the time of the expropriation, may have had no plans to sell the property or to put it to that particular use. Cypress-Black Bayou Rec. & W. Con. Dist. v. Conger, supra; State, Department of Highways v. Jenkins, supra.
Taking into account the estimates of value placed upon the property by each of the appraisers and the comparable sales submitted by them, we fix the value of the property taken at $500.00 per acre, or $5,-055.00 for the whole.
The trial court found no basis for an award of severance damages, nor do we. The proof is insufficient to support such an award.
Accordingly, for the reasons assigned, the judgment appealed is amended by increasing the total award to $7,637.29 and, as thus amended, it is affirmed at plaintiff-appellee’s costs.
Amended and affirmed.